## UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

Civil Action No. 06-cv-02210-JLK-CBS

RANDALE BRANNON, individually, and as the surviving spouse of decedent DENISE BRANNON,

Plaintiff,

vs.

APRIA HEALTHCARE, INC., a foreign corporation, doing business in the State of Colorado,

Defendant.
_____

## STIPULATION AND PROTECTIVE ORDER
_____

The Parties, by and through their undersigned counsel, stipulate and move the Court for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and as grounds therefor state as follows:

1. In this action, at least one of the parties has sought Confidential Information, as defined in paragraph 2 below. The parties also anticipate seeking additional Confidential Information during discovery and that there will be questioning concerning Confidential Information in the course of depositions. The parties assert the disclosure of such information outside the scope of this litigation could result in injury to one or more of the parties business or privacy interests. The parties have therefore entered into this Stipulation and request the Court enter the within Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein.

2.      "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom - not made available to the public - disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure and designated by one of the Parties in the manner provided in paragraphs 8 or 9 below as CONFIDENTIAL.

3.      As used in this Protective Order the term "document" is defined as provided in Fed.R.Civ.P. 34(a).

4.      Information designated CONFIDENTIAL shall first be reviewed by a lawyer and the designation of information as CONFIDENTIAL must be based on a good faith belief that the information is confidential, implicates common law or statutory privacy interests, or is otherwise entitled to protection under Fed.R.Civ.P.26(c)(7).

5.      Confidential Information shall not be disclosed or used for any purpose other than the preparation and trial of this case. Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold such Confidential Information in confidence and shall divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by Order of the Court.

6.      Confidential documents, materials and/or information (collectively "Confidential Information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed to anyone except:

(a)     attorneys actively working on this case;

(b)     persons regularly employed or associated with the attorneys actively working on

the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

 (c) the parties, including the parties' employees, officers and directors actively participating in the preparation and trial of this case;

 (d) expert witnesses and consultants retained in connection with this case, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

 (e) the Court and its employees ("Court Personnel");

 (f) stenographic reporters who are engaged in proceeding necessarily incident to the conduct of this action; and

 (g) other persons by written agreement of the parties.

 7. Prior to disclosing any Confidential Information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reports), counsel shall provide such person with a copy of this Protective Order and obtain from such person a signed affidavit in the form attached to this Order as Attachment A, stating that he or she has read this Protective Order, agrees to be bound by its provisions, and submits to the jurisdiction of the court for purposes of enforcing the Protective Order. All such original affidavits shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

 8. When Confidential Information is produced, disclosed or otherwise provided by a party in response to any discovery request it will be designated as Confidential Information by imprinting or affixing the word CONFIDENTIAL on the first page or cover of any document

produced, or next to or above any response to a discovery request, in a manner that will not interfere with the legibility of the document or response.

9. Whenever a deposition involves the disclosure of Confidential Information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

10. A party may object to the designation of certain information as CONFIDENTIAL within fourteen (14) days from the receipt of such document or information, by sending notice of such objection to the designating party in writing, identifying the confidential document or information as to which objection is made. The designating party shall respond within fourteen (14) days from receipt of such notice. If the parties cannot agree with respect to the treatment to be accorded the document or information that has been designated as CONFIDENTIAL, any party may seek a ruling from the Court with respect to that designation. The document or information shall continue to have CONFIDENTIAL status from the time it is produced until the ruling by the Court.

11. In the event Confidential Information is used in any court filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its confidential status as between the parties through such use. All papers and documents presented for filing that contain

or discuss Confidential Information shall be submitted for filing under seal pursuant to and in accordance with the requirements of D.C.COLO.LCivR 7.2 and 7.3.

12. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

13. At the conclusion of this case, including any appeals, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated in CONFIDENTIAL.

14. The remedy for violations of this Protective Order shall include sanctions as determined by the Court and private remedies for damages resulting from the breach.

15. The Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

WHEREFORE, upon a showing of good cause in support of the entry of a Protective Order to protect the discovery and dissemination of Confidential Information in this case,

IT IS ORDERED that the Stipulation of the parties is approved and made an Order of the Court this 2nd day of March 2007.

BY THE COURT:

*S/John L. Kane*

STIPULATED AND AGREED TO BY:

| | |
|---|---|
| *s/ Kenneth L. Keene, Jr.* | *s/ David B. Gelman* |
| Kenneth L. Keene, Jr., Esq. | David B. Gelman, Esq. |
| 501 South Cherry Street, Suite 610 | Kennedy Childs & Fogg, P.C. |
| Denver, Colorado 80246 | 1050 17th Street, Suite 2500 |
| 303-320-0100 | Denver, Colorado 80265 |
| | 303-825-2700 |
| *Attorney for Plaintiff* | *Attorney for Defendant* |

## EXHIBIT A

## **AFFIDAVIT**

STATE OF COLORADO    )
                                          )  ss.
COUNTY OF _____ )

_____, swears or affirms and states under penalty of perjury:

1.  I have read the Protective Order in *, a copy of which is attached to this Affidavit.

2.  I have been informed by *, Esq., counsel for *, that the materials described in the list attached to this Affidavit are Confidential Information as defined in the Protective Order.

3.  I promise that I have not and will not divulge, or undertake to divulge to any person or recording device any Confidential Information show or told to me except as authorized in the Protective Order. I will not use the Confidential Information for any purpose other than this litigation.

4.  For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

5.  I will abide by the terms of the Protective Order.

(Signature)

(Print or Type Name)

Address:

Telephone No.: (___)

SUBSCRIBED AND SWORN to before me this * day of *, 2007, by
_____.

WITNESS my hand and official seal.

[S E A L]                                  Notary Public

                                           My Commission Expires: